# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JEREMY KENNEDY                                                                                              PETITIONER
ADC # 093061

v.                                           5:15CV00367-JLH-JJV

WENDY, KELLEY, Director, Arkansas
Department of Correction, *et al.*                                                                RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, Jeremy Kennedy, is serving a twenty-year term of imprisonment in the Arkansas Department of Correction (ADC) for residential burglary and theft of property that occurred in February 2013.[1] He is also serving a thirteen-year concurrent sentence for residential burglary and theft of property that occurred in January 2013.[2]

Mr. Kennedy previously filed a petition for writ of habeas corpus[3] in this court on June 8, 2015, arguing the ADC and Arkansas Parole Board violated his constitutional rights by denying his transfer to a transitional housing facility a year prior to his proposed release date. I dismissed the petition with prejudice and denied a certificate of appealability because Arkansas Statutes do not provide a liberty interest in parole eligibility. Mr. Kennedy appealed my decision to the United States Court of Appeals for the Eighth Circuit,[4] and that appeal is pending.

---

[1] Cleburne County Circuit Court, Case No. CR-2013-37.

[2] White County Circuit Court, Case No. CR-2013-474.

[3] *Kennedy v. Kelley*, 5:15CV00184-JJV.

[4] Eighth Circuit Court of Appeals, Case No. 15-3159.

On November 16, 2015,[5] Mr. Kennedy filed the current Petition challenging the constitutionality of the parole board's denial of his parole. (Doc. No. 2.) He seeks declaratory relief and an "injunction ordering the Respondents to immediately release Kennedy into an approved transitional housing facility." (*Id.* at 6.)

On December 10, 2015, Mr. Kennedy filed a Motion for Temporary Restraining Order (Doc. No. 4) seeking an order requiring Respondents to grant a parole hearing. He also filed a Motion for Summary Judgment (Doc. No. 5) arguing there is no issue of material fact regarding Mr. Kennedy's transfer eligibility. On January 4, 2016, Respondent filed a Motion to Dismiss (Doc. No. 8) contending the Petition is successive, and this Court lacks jurisdiction to consider it.

Mr. Kennedy makes the same challenge in the instant Petition as he did in his previously dismissed Petition. In the instant Petition, Mr. Kennedy says, "Since Kennedy falls in none of the categories of ineligible offenders, he is eligible and entitled to a[n] Act 679 release hearing and a subsequent parole board decision under Rule 2.3 which requires release." (Doc. No. 2 at 5.) In the previously dismissed Petition, Mr. Kennedy stated:

> Since Kennedy does not fall within these categories, inversely, parole board policy itself implies there a reasonable probability that he can be placed in a facility under this program without detriment to himself or the community and as such, this creates an expectation to release since the decision to release 'must be based' on this determination. Wherefore, for the reasons stated herein Kennedy requests this Honorable Court to order officials to immediately release him to a transitional housing facility pursuant to § 16-93-211.

*Kennedy v. Kelley*, 5:15CV00184-JJV (Doc. 2 at 5).

Mr. Kennedy tries to distinguish the two petitions by stating he is challenging a "subsequent and separate application for release under the provisions of Act 679 in September 2015." (Doc. No.

---

[5]Also in November 2015, Mr. Kennedy filed a third Petition for Writ of Habeas Corpus in case number 5:15CV00368-JLH-JJV.

2 at 2.) However, he brings the same legal challenge for early release in both cases. I previously held his challenge is without merit because Mr. Kennedy has neither a liberty interest in parole nor being transferred. But this decision is on appeal. So rather than recommending dismissal as successive, I recommend the Petition should be dismissed without prejudice awaiting the appellate court ruling. Should Mr. Kennedy prevail on appeal in *Kennedy v. Kelley*, 5:15CV00184-JJV, he may move to reopen this matter.

## CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Kennedy's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice, the Motion for Temporary Restraining Order (Doc. No. 4) be DENIED, the Motion For Summary Judgment (Doc. No. 5) be DENIED; and

2. Respondent Kelley's Motion to Dismiss (Doc. No. 8) be DENIED.

IT IS SO ORDERED this 20th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE